IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00457-RBJ

OSCAR GONZALEZ ROSAS,

      Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAM BONDI, in their official capacities,

      Respondents.

## ORDER

Before the Court are the petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for a Temporary Restraining Order and/or Preliminary Injunction (Motion), ECF No. 4. The Court GRANTS IN PART the Motion for a Temporary Restraining Order.

Petitioner, a noncitizen who entered the United States without inspection has remained here for over thirteen years, is currently detained at the U.S. Immigration and Customs Enforcement (ICE) contract detention facility in Aurora, Colorado. ECF No. 1 at ¶ 1. Respondents are holding petitioner without a bond hearing, claiming that he is detained under the mandatory provisions of 8 U.S.C. §

1

1225(b)(2)(A). Petitioner argues that, as someone who is not a recent arrival to the United States, and who has never been admitted or paroled, his detention is instead governed by 8 U.S.C. § 1226, and he is entitled to a bond hearing. This section entitles noncitizens to a bond hearing at the outset of their removal proceedings unless they meet specific exclusions under § 1226(c), which do not apply to Petitioner. Therefore, petitioner claims, he is being illegally detained.

Petitioner requests, *inter alia*, that this Court order his immediate release from detention, or, in the alternative, order that respondents provide him with a bond hearing within seven days. *See* ECF No. 1 at 21-22; ECF No. 4 at 2. Petitioner additionally requests that this Court enjoin respondents from transferring him outside of the Court's jurisdiction. *See* ECF No. 1 at 21-22; ECF No. 4 at 2.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause … for a like period or the adverse party consents to

a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on a shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate respondents will not provide petitioner with a bond hearing. The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

To protect the status quo and preserve this Court's jurisdiction, the Court enters this TRO to the extent that respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order. *See* 28 U.S.C. § 1651(a); *see also Pineda v. Baltasar et al.*, 1:25-cv-02955-GPG-TPO (D. Colo. Sept. 25, 2025).

To the extent they have not yet done so, no later than Tuesday, February 10, 2026, petitioner's counsel is directed to (1) serve respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within fourteen days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

It is SO ORDERED.

Dated: February 9, 2026        BY THE COURT:

                                                              *[signature: Brooke Jackson]*

                                                              R. Brooke Jackson
                                                              Senior United States District Court Judge