IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00457-RBJ

OSCAR GONZALEZ ROSAS,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER re ATTORNEY'S FEES**

---

Before the Court is petitioner's motion for an award of attorney's fees under the Equal Access to Justice Act. For the reasons set forth in this order, the motion is granted.

**BACKGROUND**

This in one of hundreds, perhaps thousands, of cases brought before district courts by undocumented immigrants who have been arrested by Department of Homeland Security personnel and placed in detention camps pending removal proceedings. Oscar Gonzalez Rosas entered the United States without inspection and has lived in the United States for over thirteen years. ECF No. 1 at ¶ 1. He was detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* While in detention, he was not given an opportunity to request a bond hearing or release because ICE claimed that his detention was mandatory under the current administration's reinterpretation of 8 U.S.C. § 1225(b)(2)(A).

On February 6, 2026, Mr. Gonzalez Rosas, through counsel, filed a petition for a writ of habeas corpus seeking an order directing respondents to release him. ECF No. 1. In his petition

he claimed that he had been unlawfully detained pursuant to a misapplication of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, whereas he should have been eligible for a bond hearing under 8 U.S.C. § 1226. His petition cited fourteen previous cases in which judges in this district, including myself, had ordered bond hearings or release after concluding that § 1226, not § 1225, applied to undocumented immigrants already present in the United States, as opposed to those who were stopped at the border before entering. *Id.* at 11-12.

On February 9, 2026, this Court ordered respondents to show cause as to why the petition should not be granted. ECF No. 9. On February 25, 2026, respondents responded. ECF No. 12. Noting that the central issue was whether Mr. Gonzalez Rosas was subject to mandatory detention by ICE under § 1225(b) or could seek a bond hearing under § 1226(a), respondents acknowledged that "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case." ECF No. 12 at 1 (citing *Cervantes Arredondo v. Baltazar,* No. 1:25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025)). They nevertheless defended the government's present position on the §§ 1225/1226 issue by citing the Fifth Circuit's recent decision, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). They did, however, acknowledge that "many" other cases do not support that position. *Id* at 2.[1]

On February 25, 2026, having considered the government's response, I granted the petition for a writ of habeas corpus. ECF No. 13. In that order I cited four rulings from this district, all of which were issued before the respondents' February 25 response, that held that

[1] The response also claimed that a Supreme Court decision, *Jennings v. Rodriguez,* 583 U.S. 281 (2018), supported their position. ECF No. 12 at 2. As I will point out later, neither I nor the Tenth Circuit agrees with their characterization of *Jennings.* On the contrary, *Jennings* supports the position advocated by Mr. Gonzalez Rosas.

individuals in Mr. Gonzalez Rosas' position were subject to § 1226, not § 1225. I ordered that Mr. Gonzalez Rosas receive a bond hearing. *Id.* at 3. His bond hearing was held on February 24, 2026, during which the IJ ordered petitioner's release on a bond. He was released on March 3. *See* ECF No. 14.

The matter is now before the Court on petitioner's motion for an award of attorney's fees. ECF No. 20. Respondents oppose the motion. ECF No. 21.

**ANALYSIS and CONCLUSIONS**

Under the Equal Access to Justice Act a party to a civil rights action against the United States may recover attorney's fees if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is eligible to receive an award; and (4) the amount sought is reasonable. 28 U.S.C. §§ 2412(d)(1) and 2412(d)(2)(B). Petitioner seeks an award of $5,906.00. Respondents do not dispute that Mr. Gonzalez Rosas was the prevailing party, that he is eligible, or that the amount he seeks is reasonable. Respondents do, however, claim that their position was substantially justified.

The government has the burden to establish that its position was substantially justified. *See Hackett v. Barnhart,* 475 F.3d 1166, 1172 (10th Cir. 2007). A position is substantially justified under the EAJA if it has "a reasonable basis both in law and fact" and is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). I find that the government's position in this case was not substantially justified. In doing so, I emphasize that I do not attribute the government's position in this case to counsel. The lawyers in the United States Attorney's Office for Colorado have litigated this case with the same degree of candor that I have experienced during my years on this bench. They are advocates for the position of their client, the United States, and have done their job as expected.

The question, however, is whether the government's position on the §§ 1225/1226 dispute, as applied to undocumented immigrants in a position like Mr. Gonzalez Rosas, was substantially justified. These are individuals who either entered the United States illegally or remained after their legal entitlement ended. In most cases, they have remained in the country for many years. They are individuals who do not have significant criminal records, if any; who have never been described as a danger to the community or as a flight risk; and who often have families (including U.S. citizens), jobs, and pay taxes. To be sure, they are subject to removal. Whether they will be deported will be determined by the Executive Branch, not the courts. The question in front of courts is whether they are legally entitled to a bond hearing and/or conditional release while they await the Executive's decision.

My first reason for finding the government's present position not to be substantially justified is historical. For nearly 30 years the United States government interpreted § 1225(b)(2) as being applicable to individuals who are stopped at the border. They remained in detention until their case concluded. The government applied § 1226 to undocumented individuals who were already in the United States, and they were entitled to a bond hearing. This all changed in July 2025 when the present administration reinterpreted the statutes so that it could detain without bond every undocumented immigrant arrested, including people like Mr. Gonzalez Rosas, regardless of whether they were a danger to the community or a flight risk. That historical context is well described in a recent decision of the Tenth Circuit. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1234-35 (10th Cir. 2026).[2] This change of position has caused probably thousands of people to be detained, frequently in appalling conditions. It has caused financial

---

[2] Because *Santillan Quiroz* came down after respondents' response to the show-cause order, I do not cite the holding in that case in support of my conclusion that the government's position was not substantially justified.

and emotional distress to family members and employers. And it has imposed huge burdens on prosecutors and judges in the civil justice system.

Second, the government's present position is inconsistent with a decision of the United States Supreme Court. The Tenth Circuit noted this in *Santillan Quiroz*:

> What's more, the Supreme Court has endorsed this (until recently) unbroken interpretation and practice. In *Jennings v. Rodriguez,* the Supreme Court explained that, for purposes of our immigration laws, § 1225 governs the processing of noncitizens at "the Nation's borders and ports of entry." Once noncitizens are "inside the United States," § 1226 "generally governs the process of arresting and detaining that group of aliens pending their removal." In short, *Jennings* explained that § 1225 "authorizes the Government to detain certain aliens seeking admission into the country" while § 1226 "authorizes the Government to detain certain aliens *already in the country."* (emphasis added). We therefore approach the Government's novel, contrary position with a healthy dose of skepticism.

180 F.4th at 1236-37 (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 287, 288 and 289 (2018)).

In determining whether respondents' position in this case was substantially justified, it is fair to look at what they knew when they took that position. When the government arrested Mr. Gonzalez Rosas and detained him without a bond, it was aware of its own previous 30-year history of interpreting §§ 1225 and 1226. It was aware of the *Jennings* case. By February 25, 2026, when respondents filed their response to the show-cause order, the government knew much more. In this Court's order granting the writ and ordering the government provide Mr. Gonzalez Rosas with a bond hearing, I briefly listed several rulings from this Court and others in this district, again all of them having been issued before respondents' response to the order to show cause, that had rejected the government's position. That was a nonexhaustive list. To my knowledge every district and magistrate judge in this district has drawn multiples of these cases, and as of the time respondent filed their response to the show-cause order, every judge and magistrate judge in this district had rejected the government's position.

In opposition to Mr. Gonzalez Rosas' request of a fee award, respondents note that two circuit courts, *Buenrostro,* 166 F.4th 494, and *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026), and several district courts, had gone the other way before *Santillan Quiroz*. ECF No. 12 at 3. However, both appellate decisions were decided on 2-1 votes. Respondents knew when they filed their response to the petition that I had already expressed my agreement with the dissent in *Buenrostro* on multiple occasions. *See Cabral v. Baltazar,* No. 1:26-cv-00418-RBJ, ECF No. 14 at 3 (D. Colo. Feb. 19, 2026); *Alarcon v. Noem,* No. 1:26-cv-00183-RBJ, No. 12 at 3 (D. Colo. Feb. 17, 2026); *Geronimo Hernandez,* No. 1:26-cv-00057-RBJ, ECF No. 7 at 2-3 (D. Colo. Feb. 10, 2026). They knew at the time that every judge in this district who had considered the issue disagreed with the *Buenrostro* majority.[3]

But whether respondents' position in the present case was substantially justified does not turn solely, or ever primarily, on a counting of the cases. Rather, the basic problem is that the government's reinterpretation of § 1225 to support the administration's immigration policies and practices was ill-motivated, ill-conceived, and wrong. Respondents have not met their burden to show that their position in this case was substantially justified.[4] Therefore, the Court will grant the attorney's fee request.

**ORDER**

[3] After the response to the show-cause order was filed in this case, four circuit courts, including the Tenth Circuit, have disagreed with *Buenrostro* and *Avila. Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Alvarez v. Warden, Fed. Det. Ctr Mia.,* 175 F.4th 1258 (11th Cir. 2026) and *Santillan Quiroz v. Mullin*, *supra*.

[4] Judge Martinez of this district has reached similar conclusions in two recent cases. *See Garcia Abanil v. Baltazar,* No. 25-cv-4029-WJM-STV, 2026 WL 1758226, at **2-4 (D. Colo. June 18, 2026); *Morales Lopez v. Baltazar,* No. 25-cv-3078, at **5-6 (D. Colo. May 29, 2026).

Petitioner's motion for an award of attorney's fees, ECF No. 20, is GRANTED. The Court awards fees in the amount of $5,906.00 and directs respondents promptly to pay them.

Dated: August 5, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge